*In re* SAUNDERS' ESTATE.

1. WILLS — INSANE PERSONS—BELIEF IN SPIRITUALISM NOT EVI-
DENCE OF INSANITY.
   Evidence that testatrix, a strong-willed, vigorous, capable
   woman, believed in and practiced spiritualism, and had
   confidence in spiritualistic communications, was not evi-
   dence of insanity sufficient to take to the jury the question
   of her sanity.[1]

2. SAME—UNDUE INFLUENCE.
   Evidence that testatrix was sometimes comforted and
   sometimes disturbed by her belief in spiritualistic com-
   munications, and that she sought spiritualistic counsel
   relative to her will, was insufficient to take to the jury
   the question of undue influence, in the absence of evidence
   that she was impelled to follow such communications
   blindly, that her free agency was destroyed, that the will
   resulted from such influences rather than from the ex-
   ercise of her own mind, and that it was not her will.[2]

Error to Wayne; Perkins (Willis B.), J., presiding.
Submitted April 6, 1926.    (Docket No. 10.)    Decided
June 7, 1926.

Harry Scott, executor, presented for probate the last
will of Maria Saunders, deceased.    The will was al-
lowed in the probate court, and Joshua Saunders and
others appealed to the circuit court.    Judgment for
proponent on a directed verdict.    Contestants bring
error.    Affirmed.

*James H. Pound,* for appellants.

*J. Walter Dohany* and *William A. Alfs,* for appellee.

CLARK, J.    A verdict was directed sustaining the

[1]Wills, 40 Cyc. p. 1012; [2]Id., 40 Cyc. pp. 1144, 1148.
Effect of belief in spiritualism upon testamentary capacity, see
note in 15 L. R. A. (N. S.) 674.

will of Mrs. Maria Saunders, and judgment was entered thereon.

Contestants have six assignments of error. They present one meritorious question, that the evidence adduced made issues of fact of testamentary capacity and of undue influence. The evidence on the first claimed issue was that Mrs. Saunders, a strong-willed, vigorous, capable woman, believed in and practiced spiritualism and had confidence in spiritualistic communications. This was not evidence of insanity. *O'Dell* v. *Goff*, 149 Mich. 152 (10 L. R. A. [N. S.] 989, 119 Am. St. Rep. 662).

Upon the other claimed issue there is evidence to the effect that testatrix was at times comforted and at other times disturbed by her belief in such communications, and some evidence that she sought spiritualistic counsel relative to her will. But there is no evidence that she had such extraordinary confidence in such communications, whether received through a medium or directly, as she believed, that she was impelled to follow them blindly, that her free agency was destroyed, that the will resulted from such influences rather than from the exercise of her own mind, that it was not her will. This question is fully considered in the *O'Dell Case* and what is there said need not be repeated. The trial judge was right in holding that the evidence raised no question of fact for the jury.

Other matter presented by the assignments does not merit discussion.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.